Dannenberg *et al. vs* Guernsey.

## DANNENBERG *et al. vs.* GUERNSEY.*

1. Rejection of evidence and charge of the court as to immaterial matter, no cause for new trial.
2. Verdict warranted by the evidence, except as to fifty cents.

April 11, 1888.

Charge of court. Evidence. Verdict. New trial. Before Judge SIMMONS. Bibb superior court. April term, 1887.

Reported in the decision.

HILL & HARRIS and A. PROUDFIT, for plaintiffs in error.

No appearance *contra*.

BLECKLEY, Chief Justice.

The defendants below (the plaintiff in error here) employed a contractor to build certain houses and furnish the materials. The houses were partly built under this contract. The contractor being unable to complete the buildings, was settled with and another person was engaged by the owners to finish the work. Before this, however, the defendant in error had furnished certain materials which were used in the construction of these buildings. The contractor had been the instrument of purchase, but the material man alleged that he sold to the owners and

*SIMMONS, J., being disqualified, did not preside in this case.

not to the contractor; that he had a verbal order from one of the owners, to furnish whatever supplies of this character were called for, and in pursuance of that order and not knowing of the existence of the contract between the owners and the contractor, he sold and delivered these materials. He brought his action for the price, and at the trial he established his account. Taking his evidence as true, the plaintiffs in error, the owners, were liable for this debt. The evidence in their behalf, on the other hand, would relieve them from liability, if the jury had given it credit.

1. In the progress of the trial, a receipt in full by the contractor to the owners was offered in evidence and rejected. Its rejection is one of the grounds of the motion for a new trial. Another ground of the motion is, that the court erred in charging the jury that they ought to look to that settlement as a part of the case. The receipt was excluded,—for what reason does not appear; but the settlement itself was in evidence by the testimony of the plaintiffs in error, and by that of the contractor. There was no doubt that the owners had settled with the contractor. The receipt, whether admissible in evidence or not, would therefore throw no new light on the real controversy. The charge of the court seems to us irrelevant, because the settlement with the contractor had nothing to do with the liability of the owners to the material man. Whether the owners settled with the contractor or not, they were liable to the material man, if his evidence was true; and if his evidence was not true they were not liable to him. The case did not turn, as we conceive, upon the question of whether the owners had settled with the contractor or not. But the charge did no harm.

2. Another ground of the motion for a new trial is, that the verdict is not warranted by the evidence, even taking it most favorably for the plaintiff below. The point made is, that there were two purchases, and that the evidence might establish one of them, but did not establish the

other. The plaintiff testified that the whole bill was just and true, and went on to add that he had furnished the articles upon the order of one of these owners. So that we think the whole account sued upon was established by his evidence. But the account is for fifty cents less than the verdict of the jury, and to that extent there is a failure to support the verdict; but of course we have no thought of ordering a new trial on this trivial mistake. The bills amounted, one of them to $58.55, the other to $150.80. Added together they make $209.35. The jury found $209.85. We affirm the judgment, with direction that the plaintiff below write off fifty cents of this recovery as not warranted by the evidence.

Judgment affirmed with direction.